**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MICHAEL FRISCHKORN**
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 19 2012, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DEAN ERIC BLANCK,                    )
                                     )
    Appellant-Defendant,         )
                                     )
        vs.                    )    No. 29A02-1204-CR-281
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.          )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Gail Z. Bardach, Judge
Cause No. 29D06-1101-FD-28

**October 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Dean Eric Blanck pleaded guilty pursuant to a plea agreement to class D felony resisting law enforcement and class C misdemeanor operating while intoxicated (OWI). The trial court sentenced Blanck to an executed term of 730 days in prison. On appeal, Blanck presents the following restated issues for review:

1. Did the trial court abuse its sentencing discretion by overlooking significant mitigating factors?

2. Is Blanck's sentence inappropriate?

We affirm.

Near midnight on January 2, 2011, Westfield Police Officer Derek Hemmingway observed Blanck speeding while driving in Hamilton County. Officer Hemmingway activated his lights and siren in an attempt to pull over Blanck. Blanck then initiated a turn and fled from the officer, traveling at up to 80 miles per hour, which was twice the posted speed limit. The chase ended within a short period of time because Blank lost control of his vehicle and spun into someone's front lawn. Officer Hemmingway subsequently determined that Blanck was intoxicated. Blanck was charged the following day with resisting law enforcement, as a class D felony, and OWI, as a class C misdemeanor.

On February 21, 2012, Blanck pleaded guilty as charged. In exchange, the State agreed to a sentencing cap of 730 days for the resisting count and 60 days for the OWI count, to be served concurrently. Following a sentencing hearing, the trial court sentenced Blanck to the maximum term of imprisonment provided under the plea agreement's sentencing cap. The court rejected Blanck's request for the sentence to be served on home detention, noting that the request was "absolutely inappropriate" given his extensive criminal history.

*Transcript* at 34. Blanck now appeals.

1.

Blanck initially contends that the trial court abused its discretion because it overlooked certain mitigating factors. Specifically, Blanck asserts, as he did below, that imprisonment will result in undue hardship to his ailing mother and himself, given his poor health.

It is well settled that sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. The trial court must enter a sentencing statement that includes the court's reasons for the imposition of the particular sentence. *Id.* If the statement includes a finding of aggravating and/or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances. *Id.* An allegation that the court failed to find a particular mitigator requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Webb v. State*, 941 N.E.2d 1082 (Ind. Ct. App. 2011), *trans. denied.* A sentencing court is not obligated to find a circumstance to be mitigating merely because it is advanced as such by the defendant, nor is it required to explain why it chose not to make a finding of mitigation. *Felder v. State*, 870 N.E.2d 554 (Ind. Ct. App. 2007). Further, a trial court does not abuse its discretion in failing to find a mitigating factor that is highly disputable in nature, weight, or significance. *Rogers v. State*, 878 N.E.2d 269 (Ind. Ct. App. 2007), *trans. denied*.

Blanck makes no showing that the proposed mitigators are significant, as he claims

3

only that they are supported by the record. This is not sufficient. *See Webb v. State*, 941 N.E.2d 1082. Moreover, our independent review of the record reveals that the mitigators are not significant.

With respect to his mother, Blanck asserts that she has Alzheimer's disease and requires a high degree of care, which is difficult for his brother to provide alone. The record reveals, however, that Blanck's brother had been caring for their mother without Blanck's help for over a year prior to sentencing. In fact, when Blanck bonded out of jail in the instant case, he quickly absconded out of state, apparently without concern for his mother's needs. He was arrested on other charges in southern Indiana about five months later and has remained incarcerated since. Blanck's actions showed a complete disregard for any obligations he felt toward his mother or the hardship that his absence would create for his mother or brother. The record reveals that Blanck cannot take care of himself, let alone his ailing mother. The trial court did not abuse its discretion in rejecting this proposed mitigating factor, which was at most insignificant.

Blanck also claimed that because of his own health, incarceration would result in an undue hardship on him. Relying upon his own self-serving testimony, Blanck notes that he has been diagnosed with hepatitis C, chronic cirrhosis of the liver, and COPD. He claimed at sentencing that he was "basically" terminally ill and that additional treatments would be available for him if he were not incarcerated. *Transcript* at 27.

With respect to Blanck's health, the trial court stated at sentencing: "I'm not ignoring your medical condition, but your medical condition is, at least partially, attributable to your extensive abuse of alcohol. Your own choice to do that." *Id*. at 34. Further, Blanck's abuse

4

of alcohol will have more detrimental effects if continued, which has been a life-long trend for Blanck despite an extensive history of alcohol-related arrests and convictions. Blanck has failed to establish that undue hardship related to his poor health was a significant mitigator that was overlooked by the trial court.

2.

Next, Blanck contends that his sentence is inappropriate in light of the nature of the offense and his character. We have the constitutional authority to revise a sentence if, after careful consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. *See* Ind. Appellate Rule 7(B); *Anglemyer v. State*, 868 N.E.2d 482. Even if a trial court follows the appropriate procedure in arriving at its sentence, we maintain the constitutional power to revise a sentence we find inappropriate. *Hope v. State,* 834 N.E.2d 713 (Ind. Ct. App. 2005). Although we are not required under App. R. 7(B) to be "extremely" deferential to a trial court's sentencing decision, we recognize the unique perspective a trial court brings to such determinations. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The burden of persuading us that the sentence is inappropriate is on the defendant. *Reid v. State*, 876 N.E.2d 1114 (Ind. 2007).

Blanck committed class D felony resisting law enforcement, for which the sentencing range is 6 months to 3 years, with an advisory sentence of 1 ½ years. Ind. Code Ann. § 35-50-2-7 (West, Westlaw current with all 2012 legislation). Blanck was sentenced to 730 days (that is, 2 years) executed in the Department of Correction. Thus, Blanck received a sentence above the advisory, but still well below the maximum for his offense. Moreover, his

5

sentence for the OWI misdemeanor offense was ordered to be served concurrently with the felony sentence.

With respect to the nature of the offense, we observe that when fleeing from police in his vehicle, he drove 80 miles per hour in a 40-mile-per-hour zone. Moreover, he stopped only as a result of losing control and spinning out into a residential lawn. These facts are at least slightly aggravating.

The appropriateness of Blanck's sentence is even more apparent upon consideration of his character. Blanck himself indicated at the sentencing hearing that, at age 56, he has spent the majority of his adult life in prison or jail and that when not incarcerated, he self-medicates with alcohol (despite his serious liver condition). As detailed by the trial court, Blanck has been arrested at least 12 times for OWI, and the instant OWI conviction is his 8th.[1] He also has a number of other criminal convictions, the most serious being a class B felony robbery conviction in 1995, for which he received a 20-year sentence. In all, he has 10 misdemeanor and 6 felony convictions, and he has violated probation a number of times. Finally, he not only absconded while on bond in this case, but he committed additional crimes – OWI in Martin County and intimidation in Lawrence County –during that time. The trial court appropriately concluded that, even considering Blanck's poor health, home detention was "absolutely inappropriate" given this history. *Transcript* at 34. Further, we agree with the trial court assessment that Blanck is a danger to the community.

---

[1] We recognize that the bulk of Blanck's sentence is due to the resisting conviction. This conviction, however, is clearly intertwined with the OWI offense. We reject Blanck's unsupported assertion that his extensive history of OWI convictions should not be considered with respect to sentencing for resisting law enforcement.

The fact that Blanck pleaded guilty and took responsibility for his actions does not change our analysis of his character. His decision to plead guilty was clearly a pragmatic decision, as he secured a highly favorable sentencing cap under the circumstances.[2] *See Wells v. State*, 836 N.E.2d 476 (Ind. Ct. App. 2005).

After due consideration of the trial court's decision, we conclude that Blanck's 2-year executed sentence is not inappropriate in light of the nature of the offense and his character.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.

---

[2] We note that the trial court expressed reluctance when accepting the plea agreement because the court felt Blanck should receive a maximum sentence.