Mark HOPE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0504–CR–310.

Court of Appeals of Indiana.

Sept. 27, 2005.

---

John T. Wilson, Anderson, IN, for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Mark Hope appeals the twenty-four year sentence imposed following his guilty plea to one count of burglary, a Class C felony, and multiple counts of forgery, a Class C felony, and theft, a Class D felony. We reverse and remand.

### Issues

The restated issues we address are:

I. whether Hope's crimes constituted a single episode of criminal conduct that limited his maximum aggregate sentence; and

II. whether his sentence is proper.

### Facts

On May 9, 2004, Hope entered a residence, apparently that of his brother-in-law, stole currency and a credit card, and later used the credit card at a bar. On May 17, 2004, he cashed two checks for $3000 each that he had stolen from his father and grandmother. On June 15, 2004, he cashed a check for $9400 that he had stolen from a friend.

On May 27, June 18, and August 13, 2004, the State filed three separate informations against Hope. The first, related to the May 9 incident, charged him with burglary as a Class B felony, forgery, a Class C felony, and theft, a Class D felony. The second, related to the May 17 incident, charged him with two counts of forgery and two counts of theft. The third, related to the June 15 incident, charged him with one count of forgery and one count of theft.

On November 15, 2004, Hope pled guilty to all of these charges, with the exception of pleading guilty to burglary as a Class C felony instead of a Class B felony. The trial court's written sentencing order found the following aggravating circumstances: Hope's criminal history, he was on probation when he committed these crimes, prior attempts at rehabilitation had failed, and he was in need of rehabilitative treatment best provided by a penal facility. The trial court also noted at the conclusion of the sentencing hearing that some of the victims in the case were family members, two of whom were over sixty-five years old, and that Hope used the money he had stolen for "all kinds of irresponsible things" rather than for his children. Tr. p. 48. The court found no mitigating circumstances. It imposed an aggregate sentence of eight years for the first incident, eight years for the second incident, and eight years for third incident, each running consecutive to the other for an aggregate sentence of twenty-four years. Hope now appeals.

## Analysis

### I. Single Episode of Criminal Conduct

██ Hope contends that all of the crimes of which he was convicted comprised a single episode of criminal conduct. He claims, therefore, that the maximum aggregate sentence that could have been imposed in this case was ten years. Specifically, Indiana Code Section 35–50–1–2(c) provided in part at the time of Hope's sentencing:

> except for crimes of violence, the total of the consecutive terms of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

The most serious felony of which Hope was convicted was a Class C felony and none of his crimes were ones of violence; the presumptive sentence for the next higher class of felony, Class B, was ten years. *See* Ind.Code § 35–50–2–5 (prior version/repealed by P.L. Ind. P.L. 71–2005).[1]

██ Where a complete account of a crime can be given without referring to the other offense, the offenses are not a single "episode of criminal conduct." *Smith v. State*, 770 N.E.2d 290, 294 (Ind.2002) (citing *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind.Ct.App.1995)). The timing of the offenses is important when considering whether a series of offenses constitutes a single episode of criminal conduct. *See id.* Crimes that are "simultaneous" and "contemporaneous" in nature may constitute a single episode of criminal conduct. *See id.* By contrast, where each crime takes place at separate times and at separate places, they do not constitute a single episode of criminal conduct. *See id.*

1. The Indiana sentencing statutes now provide for "advisory" rather than "presumptive" sentences, and Indiana Code Section 35–50–1–2 has been amended to reflect this change.

Here, the incidents of May 9, May 17, and June 15, 2004, clearly took place at separate times and in separate places. The events that took place on each of those days can be described without any reference to what Hope did on the other two days. Even if we were to assume that the events attributable to each day in and of themselves constituted single episodes of criminal conduct, the events as a whole are not a single episode of criminal conduct. The trial court was not limited to imposing an aggregate sentence of ten years.

## II. Propriety of Sentence

■ Hope raises other challenges to his sentence. First, we acknowledge his contention that the trial court here relied upon aggravating circumstances neither admitted by him nor found by a jury beyond a reasonable doubt, in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We need not address this argument. Our supreme court in *Smylie v. State*, 823 N.E.2d 679 (Ind.2005), concluded that Indiana's then-existing presumptive sentencing scheme violated *Blakely*; however, it also concluded that *Blakely* had no application to consecutive sentencing decisions. *See id.* at 686. Since *Smylie*, our supreme court has refused to address *Blakely* challenges to an aggregate sentence based upon multiple enhanced sentences where it was apparent the trial court could have imposed an identical aggregate sentence if instead it had imposed presumptive sentences but ordered some or all of the sentences to be served consecutively. *See Estes v. State*, 827 N.E.2d 27, 29 (Ind.2005).

Here, the trial court reached an aggregate twenty-four year sentence as follows. For the May 9 events, it ordered two enhanced eight-year Class C felony sentences and one enhanced three-year Class D felony sentence to be served concurrently, or eight years total. For the May 17 events, it ordered two eight-year Class C felony sentences and two three-year Class D felony sentences to be served concurrently, or eight years total. For the June 15 events, it ordered one eight-year Class C felony sentence and one three-year Class D felony sentence to be served concurrently, or eight years total. The court then ordered the sentences for each group of convictions to be served consecutive to each other for a total of twenty-four years. The trial court legally and in compliance with *Blakely* could have instead reached twenty-four years or greater by ordering presumptive sentences across the board but altering some of its concurrent sentencing decisions to consecutive ones.[2] We will not address *Blakely* here.

■ The remainder of Hope's sentencing argument is that the trial court improperly identified and weighed aggravators and mitigators and, therefore, his sentence is inappropriate. In the past, whether a trial court abused its discretion in issuing a sentencing statement identifying and weighing aggravators and mitigators usually has been a separate analysis from whether the resulting sentence was inappropriate (or manifestly unreasonable) under Indiana Appellate Rule 7(B). *See Noojin v. State*, 730 N.E.2d 672, 678 (Ind. 2000). Now, when faced with a non-*Blakely* challenge to an enhanced sentence, it appears the first step is to determine

2. Considering *Blakely* and single episode of criminal conduct limits on consecutive sentencing, assuming the events of each day constituted single episodes of criminal conduct, the maximum the trial court could have imposed was twenty-five years: four years plus four years plus one and a half years for May 9, four years plus four years plus one and a half years plus one half year (for the maximum of ten) for May 17, and four years plus one and a half years for June 15.

whether the trial court issued a sentencing statement that (1) identified all significant mitigating and aggravating circumstances; (2) stated the specific reason why each circumstance is determined to be mitigating or aggravating; and (3) articulated the court's evaluation and balancing of the circumstances. *See Cotto v. State*, 829 N.E.2d 520, 523–24 (Ind.2005). If we find an irregularity in a trial court's sentencing decision, "we have the option to remand to the trial court for a clarification or new sentencing determination, to affirm the sentence if the error is harmless, or to reweigh the proper aggravating and mitigating circumstances independently at the appellate level." *Id.* at 525. Even if there is no irregularity and the trial court followed the proper procedures in imposing sentence, we still may exercise our authority under Appellate Rule 7(B) to revise a sentence that we conclude is inappropriate in light of the nature of the offense and the character of the offender. *See Ruiz v. State*, 818 N.E.2d 927, 928 (Ind.2004).

 Hope directs us to one clear irregularity in the trial court's sentencing statement, and that is the absence of any reference to Hope's guilty plea as a mitigating circumstance.[3] "A guilty plea demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the State and to the victim or the victim's family by avoiding a full-blown trial. Thus, a defendant who pleads guilty deserves to have mitigating weight extended to the guilty plea in return." *Francis v. State*, 817 N.E.2d 235, 237–38 (Ind.2004) (citations omitted). The extent to which a guilty plea is mitigating will vary from case to case. *See id.* at 238 n.3. It does appear, however, that a trial court generally should make some acknowledgment of a guilty plea when sentencing a defendant. *See id.* at 237–38. The trial court here erred in not doing so. Having found error, we elect to engage in appellate reconsideration of Hope's sentence pursuant to Appellate Rule 7(B). *See id.* at 238.

Hope's guilty plea is entitled to substantial weight. It was accompanied by expressions of remorse and acknowledgment of his drug addiction, which bolsters the mitigating weight of his plea. *See Cotto*, 829 N.E.2d at 526. There was also evidence that Hope generally was a responsible citizen when not under the influence of drugs that originally had been prescribed to him for back pain. Hope's guilty plea and acceptance of responsibility at least partially confirms other mitigating evidence regarding his character. *See id.* at 525.

The State argues essentially that it would have been easy to convict Hope at a trial and, therefore, his guilty plea was of little benefit to the State. It contends, "Even had a trial been held, it would have been brief, because it was readily apparent from the factual basis that the weight of the evidence lay greatly against Defendant." Appellee's Br. p. 9. We believe, however, that it is nearly impossible to gauge the strength of the State's evidence when the defendant has simply chosen to admit the truth of the language in the charging information when pleading guilty. Also, even apparently "easy" cases still

---

3. Counsel for the State argues that Hope has waived any claim on appeal that the trial court should have assigned mitigating weight to his guilty plea because he did not expressly ask the trial court to do so. Counsel for the State has made this precise argument before to our supreme court, which flatly rejected it and held that trial courts should be "inherent- ly aware of the fact that a guilty plea is a mitigating circumstance ...." *Francis v. State*, 817 N.E.2d 235, 237 n. 2 (Ind.2004). We also observe that the probation officer who prepared Hope's presentence report presented to the trial court properly noted his guilty plea as a mitigating circumstance.

require considerable preparation in advance of trial, including interviewing and subpoenaing witnesses, planning modes of questioning, and preparing opening and closing statements; even an "open-and-shut" case requires in most cases the considerable time and expense of calling and impaneling a jury; even in such cases, missteps during trial can lead to an unexpected result, even in such cases, victims often will have to testify. Hope's guilty plea relieved the State of the time required to bring this case before a jury and the taxpayers of the associated costs. Additionally, citizens did not have to be inconvenienced by appearing for jury duty in Hope's case.

The State also contends that Hope's guilty plea is entitled to little mitigating weight because he waited several months after the final charges were filed before pleading guilty. This does not automatically remove the plea's mitigating weight. In *Cotto,* our supreme court held that the defendant's guilty plea on the morning of trial, along with his contemporaneous expression of remorse, counterbalanced the defendant's relatively minor criminal history, his lengthy history of arrests, and evidence that he was involved in a substantial drug dealing operation, such that only a presumptive thirty-year sentence for Class A felony dealing in methamphetamine was appropriate. *See id.* at 526–27. The State has failed to persuade us that Hope's guilty plea is not entitled to substantial mitigating weight.

 Hope also contends the trial court erred in finding as an aggravating circumstance that he was in need of rehabilitative treatment best provided by a penal facility. This factor may be used to enhance a sentence above the presumptive only if the trial court provides a specific or individualized reason as to why the defendant requires correctional treatment in excess of the presumptive term. *Newsome v. State,* 797 N.E.2d 293, 299 (Ind.Ct.App.2003), *trans. denied.* The State notes that the trial court did explain that Hope had previously been offered opportunities to avoid incarceration by completing drug treatment programs, but his substance abuse continued or recommenced and contributed to these crimes. This does justify requiring Hope to be incarcerated for these crimes, but it still does not explain why an extended period of incarceration well above the presumptive is required. This is especially true here, given that it appears Hope previously has not been subjected to a long period of incarceration for any of his previous convictions, which mostly resulted in suspended sentences.[4] If anything, this purported aggravator is entitled to only minimal weight as justification for an extended period of incarceration. We also observe that the trial court's aggravator regarding Hope's prior failed attempts at rehabilitation is essentially a rewording of this aggravator.

Hope's criminal history is not entirely insignificant. He has four previous convictions for obtaining a controlled substance by fraud or deceit and one previous conviction for possession of a controlled substance, all Class D felonies. These convictions are relevant to the present offenses because they also stemmed from his inability to control his prescription painkiller use; on the other hand, the present case

---

4. The record is unclear on this point. The presentence report details that Hope had his probation revoked for an earlier conviction in 1999, after he had been arrested for other offenses, at which time he was ordered to serve his previously suspended one-year sentence in jail while awaiting treatment at a hospital. The report also indicates that such treatment was completed just over three months after his probation was revoked. Thus. before these offenses Hope had served at most, apparently, just a few months in jail.

concerns the first time Hope's addiction led him to steal from others. There are also several arrests on Hope's record that were nolle prossed after he completed a drug treatment program, which reflects poorly on his character even though it is not, strictly speaking, part of his criminal history. *See Cotto*, 829 N.E.2d at 526. Hope also was on probation when he committed the present offenses, which fact warrants significant aggravating weight. *See* Ind.Code § 35–38–1–7.1(b)(1).

Regarding the nature of Hope's offenses, they do not appear to be heinous. They did not cause or threaten to cause physical harm to anyone. It is true that he victimized family members in committing these crimes, some of whom were elderly. Hope's sister-in-law testified at his sentencing hearing, however, and expressed the view that his family wanted leniency for him and not extended incarceration. As she stated, "I mean, everybody in his family loves him and doesn't want to see him get a whole lot of time." Tr. p. 36. No contrary testimony appears in the record. On the other hand, the existence of multiple victims in this case justifies the imposition of consecutive sentences. *See Estes*, 827 N.E.2d at 29.

We are mindful that our supreme court has been proactive in reducing sentences in recent years, especially following the revision of Appellate Rule 7(B) to provide for appellate reduction of "inappropriate" rather than "manifestly unreasonable" sentences. As the court recently stated, this new language of the rule "changed its thrust from a prohibition on revising sentences unless certain narrow conditions were met to an authorization to revise sentences when certain broad conditions are satisfied." *Neale v. State*, 826 N.E.2d 635, 639 (Ind.2005). By our count, since the language of Rule 7(B) was changed effective January 1, 2003, our supreme court has applied it in thirteen cases and concluded the sentence was inappropriate in seven of those cases. *See Cotto*, 829 N.E.2d at 527; *Estes*, 827 N.E.2d at 29; *Neale*, 826 N.E.2d at 639; *Ruiz*, 818 N.E.2d at 929–30; *Francis*, 817 N.E.2d at 239; *Saylor v. State*, 808 N.E.2d 646, 650–51 (Ind.2004); *Serino v. State*, 798 N.E.2d 852, 858 (Ind.2003).

■■■ In sum, we do agree that Hope's criminal history, history of arrests, and failure at probation warrants an extended period of incarceration. Twenty-four years, however, is inappropriate for these crimes in light of Hope's guilty plea and expression of remorse. Instead, we conclude that a total aggregate sentence of eighteen years is appropriate, which is also what the probation officer in this case recommended in the presentence report. On remand, the trial court may select how to arrange the sentence to arrive at an aggregate eighteen-year term. *See Estes*, 827 N.E.2d at 29.

## Conclusion

The trial court was not limited by the statute regarding episodes of criminal conduct to imposing a term of no greater than ten years. It erred, however, in failing to acknowledge Hope's guilty plea and accompanying expression of remorse as mitigating circumstances. After considering those mitigators and the valid aggravators, we conclude that a sentence of twenty-four years is inappropriate. We reverse and remand with instructions for the trial court to rearrange Hope's sentence to arrive at an aggregate total of eighteen years.

Reversed and remanded.

CRONE, J., and NAJAM, J., concur.