**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**R. PATRICK MAGRATH**
Alcorn Goering & Sage, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CODY HOFFMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 78A05-1212-CR-655 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE SWITZERLAND CIRCUIT COURT
The Honorable W. Gregory Coy, Judge
Cause No. 78C01-1102-FB-43
Cause No. 78C01-1009-FC-350

**August 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Cody Hoffman appeals the sentences imposed for his two convictions for Burglary[1], a class C felony. Hoffman presents one issue on appeal: did the trial court impose an inappropriate sentence?

We affirm.

On June 5, 2010, in Switzerland County, Hoffman broke into Donald Smith's pole barn to steal gasoline. Also, on July 21, 2010, Hoffman broke into Robert Hoffman's barn and stole a quadrunner, which is a small, four-wheeled, all-terrain vehicle. Subsequently, Hoffman was charged with class C felony burglary for each incident, and the State entered into a plea agreement covering both incidents. Hoffman plead guilty as charged. During sentencing, the trial court considered the pre-sentence investigation report, heard and considered testimony of Hoffman's character witnesses, and considered the arguments of counsel for Hoffman and for the State. The trial court found several aggravating and mitigating circumstances. The mitigating factors included Hoffman receiving a high school diploma, taking responsibility for his actions, his plans for continuing education, his lack of criminal history, paying restitution to Smith, and his family support system. The aggravating factors included: 1) failing drug-screens during house arrest on an unrelated charge; 2) failing drug tests preceding Hoffman's sentencing hearing; 3) the two charged incidents were not related and occurred on two different occasions; 4) his lack of continuous treatment for drug problems; and 5) his gasoline theft resulted in total destruction of Smith's barn and the contents inside. Hoffman was sentenced to four years with two years executed and two years

---

[1] Ind. Code Ann. § 35-43-2-1(West, Westlaw current with all 2013 legislation).

suspended on each count, and the sentences were ordered to be served consecutively.

On December 13, 2012, Hoffman filed a petition for permission to file a belated notice of appeal, which was granted by the trial court. This appeal ensued.

Hoffman contends that his sentence is inappropriate in light of his character and nature of the offenses. We have the constitutional authority to revise a sentence if, after careful consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. *See* Ind. Appellate Rule 7(B); *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007). Even if a trial court follows the appropriate procedure in arriving at its sentence, we maintain the constitutional power to revise a sentence we find inappropriate. *Hope v. State*, 834 N.E.2d 713 (Ind. Ct. App. 2005). Although we are not required under App. R. 7(B) to be "extremely" deferential to a trial court's sentencing decision, we recognize the unique perspective a trial court brings to such determinations. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). The burden of persuading us that the sentence is inappropriate is on the defendant. *Rutherford v. State*, 866 N.E.2d 867. A defendant who seeks revision of his or her sentence must prove that the sentence is inappropriate in light of both the nature of the offenses and his character. *Williams v. State*, 891 N.E.2d 621 (Ind. Ct. App. 2008).

To assess the appropriateness of the sentence, the reviewing court looks first to the statutory ranges established for the classes of the offenses. Hoffman pled guilty to two counts of class C felony burglary. Thus the advisory sentencing for both counts is four years, the minimum is two, and the maximum is eight. *See* Ind. Code Ann. § 35-50-2-6 (West,

3

Westlaw are current with all 2013 legislation). The trial court sentenced Hoffman within the applicable range; Hoffman received consecutive, four-year sentences, with two years suspended to probation, on each count.

Next, the reviewing court examines the nature of the offense committed and the character of the offender. The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *See Treadway v. State*, 924 N.E.2d 621 (Ind. 2010). The character of the offender is found in what is learned of the offender's life and conduct. *See Lindsey v. State*, 916 N.E.2d 230 (Ind. Ct. App. 2009) (reviewing the offender's criminal history, probation violations, and history of conduct while incarcerated), *trans denied*.

The nature of Hoffman's offenses supports the sentence imposed by the court. Hoffman committed two unrelated burglaries on separate days. On June 5, 2010, Hoffman forcibly entered a barn with the intention of stealing gasoline. On July 21, 2010, he committed a second burglary when he stole a quadrunner from another barn. During the burglary on June 5, Hoffman caused a fire responsible for the complete destruction of the barn he burglarized.

Hoffman's overall character also supports the sentence imposed. Although Hoffman lacked a juvenile record and made some steps towards self-improvement, his first two offenses, burglaries, are serious crimes. Also, after being arrested and charged with the aforementioned burglaries, Hoffman was arrested and prosecuted for minor consumption in another county. This arrest resulted in Hoffman being placed on house arrest. While serving

that sentence, Hoffman failed numerous drug tests and repeatedly neglected to check in with his probation officer.

Moreover, during the pendency of the charged burglaries and his house arrest, Hoffman continued to use illegal drugs. Hoffman failed every drug test he was administered and tested positive for marijuana on numerous occasions, and he also tested positive for oxycodone near the date of his sentencing hearing. Although Hoffman readily admits his addiction to drugs and acknowledges its contribution to his illegal behavior, he failed to complete a drug-treatment program. Hoffman enrolled in therapy on one occasion, but left voluntarily after seven days. For all of these reasons, Hoffman has not established that his sentence is inappropriate in light of the nature of his offense or character.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.