**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Mar 31 2014, 10:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ZACK HITCHINGS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1303-CR-207 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy J. Barbar, Magistrate
Cause No. 49G02-1208-PC-57778

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Zach Hitchings appeals his eight-year sentence for robbery as a Class C felony[1] contending that it was inappropriate.  We affirm.

Hitchings pleaded guilty to robbing the Teachers Credit Union in Indianapolis, the second time he has been convicted of robbing this institution.  He has an extensive criminal history, including twenty-two prior arrests, five prior misdemeanor convictions, and ten prior felony convictions.  This is the seventh time that Hitchens has been arrested for bank robbery, and the fourth time he has been convicted.  In the remaining three bank robbery cases, the charges were dismissed due to his plea agreements in other cases.  During his ten prior sentences in the Department of Correction, Hitchings received multiple official misconduct reports.

We "may exercise our authority under Appellate Rule 7(B) to revise a sentence that *we conclude* is inappropriate in light of the nature of the offense and the character of the offender."  *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005) (emphasis added).  The defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  Hitchings has failed to meet this standard.  Assuming without deciding that the nature of his offense was not extraordinary, his character as revealed by his extensive criminal history is, and his eight-year sentence is not inappropriate.

Affirmed.

MAY, J., and BAILEY, J., concur.

---

[1] *See* Ind. Code § 35-42-5-1.