**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 12 2014, 10:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MAURICE T. HIGGINS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1404-CR-117 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1312-FD-1345

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

After pleading guilty to battery resulting in bodily injury[1] as a Class D felony, Maurice T. Higgins appeals his three-year sentence, raising one issue, which we restate as:

I.      Whether the trial court abused its discretion by overlooking mitigating factors during sentencing; and

II.     Whether Higgins's sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Higgins and Heather Black had dated in the past. Around 10:30 p.m. on December 2, 2013, Black was sitting on a bench in a public park in Fort Wayne, Indiana, when Higgins grabbed her by the head and placed her in a headlock.[2] *Appellant's App.* at 32. Higgins threw Black to the ground and repeatedly kicked her in the body and face while he screamed, "Bitch, get up. Bitch, I should fucking kill you." *Id.* When Black was able to get up, she ran to the nearby City-County Building to get help. Higgins chased Black to the building and shoved her to the ground as she was running up the steps. *Id.*

Black was taken to the hospital where police took photographs of her injuries. *State's Exs.* 1-12. At the hospital, Black stated that her right hand was bruised from the fall and "her head [was] in extreme pain." *Appellant's App.* at 32. Black also complained of lower back pain.

---

[1] *See* Ind. Code § 35-42-2-1. We note that, effective July 1, 2014, a new version of the battery statute was enacted. Because Higgins committed his crime prior to July 1, 2014, we apply the statute in effect at the time he committed his crimes.

[2] The transcript of the guilty plea hearing contains no details regarding how the battery occurred. Those details, however, were included in the "Domestic Violence Affidavit for Probable Cause," which the trial court made a part of the record during the sentencing hearing. *Sentencing Tr.* at 3.

On December 6, 2013, Higgins was charged with one count of Class D felony battery,[3] which was charged in two parts. The first part alleged that, on or about December 2, 2013, Higgins "did knowing or intentionally hit Heather Black, in a rude, insolent, or angry manner, resulting in bodily injury, to wit: physical pain or visible injury." *Appellant's App.* at 7. The second part alleged that Higgins, "has a previous conviction for BATTERY in that on or about the 29th day of January, 2013 . . . [he]was convicted by the Allen Superior Court . . . of BATTERY, against the same victim, Heather Black." *Id.* at 8. At his guilty plea hearing, Higgins stated that he understood the rights that he was waiving and pleaded guilty to Class D felony battery resulting in bodily injury. *Guilty Plea Tr.* at 9.

During sentencing, Higgins's attorney set forth the following considerations for sentencing:

> [Higgins] obviously has drug and alcohol problems and they[,] by my calculation, were responsible for at least 90 percent of his criminal history. He does have some mental health issues, although they don't rise to the level of a defense. He is on several medications to-to combat that situation. He did enter a plea of guilty, straight up to the charges. He admitted his criminal responsibility and what I-what I'd ask the Court for is-is some type of a split sentence with treatment.

*Sentencing Tr.* at 4.

The State offered the following sentencing considerations, which were contained in Higgins's presentence investigation report and probable cause affidavit. Higgins had been convicted of forty-five prior criminal offenses, among those were four felony convictions

---

[3] The State charged Higgins with Class D felony battery because it resulted in an injury to Black, and Higgins had a prior conviction for having committed battery against Black. *See* Ind. Code § 35-42-2-1(a)(2)(D).

and forty-one misdemeanor convictions. Higgins had been convicted of battery five times and public intoxication twenty-two times. At the time of the offense, Higgins was on probation for life in Michigan, and there was an active warrant for violating his probation. Higgins had one felony term of probation revoked, seven misdemeanor suspended sentences modified, and two misdemeanor suspended sentences revoked. Of particular importance, at the time of the battery, Higgins was under a court order to have no contact with Black. *Sentencing Tr., State's Ex.* 1.

Regarding mitigating factors, the trial court recognized that Higgins had pleaded guilty and had taken responsibility for his actions. *Sentencing Tr.* at 13. As to aggravating factors, the trial listed Higgins's criminal history and that Higgins was in violation of a no contact court order at the time he committed the offense against Black. This, the court explained, was a sign that Higgins showed "complete disdain for the Court system." *Sentencing Tr.* at 12. Looking through the photographs of the victim, the trial court also found as aggravating that Higgins beat up Black "pretty harshly." *Id*. Finding that prior attempts at "rehabilitation seem to have failed," the trial court sentenced Higgins to the maximum term of three years executed with the Indiana Department of Correction, with credit for time served. Higgins now appeals.

## DISCUSSION AND DECISION

### I.     Abuse of Discretion

Higgins asserts that the trial court abused its discretion when it sentenced him. Under the advisory sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence."

*Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified in part on other grounds,* 875 N.E.2d 218 (Ind. 2007). If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.* Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.*

A trial court abuses its discretion if it: (1) fails to enter a sentencing statement at all; (2) enters a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons; (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration"; or (4) considers reasons that are improper as a matter of law. *Id.* at 490-91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id.*

Moreover, a finding of mitigating circumstances also lies within the trial court's discretion. *Widener v. State,* 659 N.E.2d 529, 533 (Ind. 1995); *Johnson v. State*, 855

5

N.E.2d 1014, 1016 (Ind. Ct. App. 2006), *trans. denied*. The court need not state in the record those mitigating circumstances that it considers insignificant. *See Sensback v. State,* 720 N.E.2d 1160, 1163 (Ind. 1999); *Johnson*, 855 N.E.2d at 1016. And the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Chambliss v. State,* 746 N.E.2d 73, 78 (Ind. 2001).

Higgins contends that the trial court abused its discretion when it did not identify as mitigating factors that he 1) was mentally ill, 2) had alcohol and drug problems, 3) had taken responsibility for his actions, and 4) had showed remorse during sentencing. While making specific note that Higgins had pleaded guilty, the trial court also recognized that Higgins had taken responsibility for his actions and had asked the victim for forgiveness. *Sentencing Tr.* at 11, 13. While these were considered mitigating factors, a sentencing court is not required to place the same value on a mitigating circumstance as does the defendant. *Beason v. State,* 690 N.E.2d 277, 283-84 (Ind. 1998).

Regarding the trial court's consideration of mental health, defense counsel reported, "[Higgins] does have some mental health issues, although they don't rise to the level of a defense. He is on several medications to [] combat that situation." *Sentencing Tr.* at 4. A trial court abuses its discretion if it enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration." *Anglemyer,* 868 N.E.2d 491. Based on these statements made by defense counsel at sentencing—the only time during the hearing that mental illness was mentioned—we cannot say that Higgins

6

advanced for the trial court's consideration that mental illness was a mitigating factor.[4]

Finally, defense counsel's only statement regarding drug and alcohol problems was as follows: Higgins "obviously has drug and alcohol problems and they-by my calculation, they were responsible for at least 90 percent of his criminal history." *Sentencing Tr*. at 4. Higgins was convicted of a drug or alcohol related crime once in 1990, twice in 2004, three times in 2005, once in 2006, twice in 2007, four times in 2008, three times in 2009, three times in 2009, four times in 2010, twice in 2011, once in 2012, and once in 2013. The State presented evidence that Higgins had twice been offered the opportunity to participate in Allen County Superior Court's Criminal Division Services, but that all attempts at rehabilitation had failed. A trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Chambliss,* 746 N.E.2d at 78. Furthermore, this court has previously explained that a history of substance abuse is sometimes more appropriately considered an aggravating circumstance than a mitigating circumstance. *Iddings v. State*, 772 N.E.2d 1006, 1018 (Ind. Ct. App. 2002), *trans. denied*. Based on the evidence before us, we cannot say that the trial court abused its discretion when it sentenced Higgins.

## II.    Indiana Appellate Rule 7(B)

Appellate courts may revise a sentence after careful review of the trial court's decision if they conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Even if the trial court

---

[4] In the interview for his PSI, Higgins reported that he had been diagnosed with five separate mental health issues. *Appellant's App.* at 27. However, also in that report Higgins reported that he was in good health, provided the names of the medication he was taking, and "denied having any recurring illnesses." *Id*.

followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

Here, as to the nature of the offense, Black was sitting on a bench in a public park when, unprovoked, Higgins grabbed her by the head and placed her in a headlock. *Appellant's App.* at 32. Higgins threw Black to the ground and repeatedly kicked her in the body and face while he screamed, "Bitch, get up. Bitch, I should fucking kill you." *Id*. When Black was able to get up, she ran to the nearby City-County Building to get help. Higgins chased Black to the building and shoved her to the ground as she was running up the steps. *Id*. Photographs of Black's injuries reveal that she had a large swollen bump on her head. Additionally, Black complained of bruising on her hand, and great pain in her head and back. At the time of the offense, Higgins, who had previously been convicted of battery against Black, was subject to a court order to have no contact with Black.

Regarding the character of the offender, Higgins has an extensive criminal history that includes four felony convictions and forty-one misdemeanor convictions. He has been convicted of battery five times. It appears that Higgins abuses alcohol and drugs, however, this has been a problem for Higgins over a period of about ten years and nothing has changed in all of those years. At the time of the offense, Higgins was on probation for life in Michigan, and there was an active warrant for violating his probation. Higgins has had one felony term of probation revoked, seven misdemeanor suspended sentences modified,

8

and two misdemeanor suspended sentences revoked.  We conclude that Higgins's three-year sentence was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J., and ROBB, J., concur.