**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 12 2014, 9:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON STEWART TEMPLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 41A01-1403-CR-144 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JOHNSON SUPERIOR COURT
The Honorable Cynthia S. Emkes, Judge
Cause No. 41D02-1012-FA-8

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Brandon Stewart Temple pleaded guilty to child molesting[1] as a Class B felony and was sentenced to thirteen years with nine years executed and four years suspended. He appeals, raising the following restated issue for our review: whether his sentence was inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Temple started dating D.S. in 2008 and moved in to D.S.'s home later that year. D.S.'s daughter, T.H., moved in with her mother and Temple in July 2009. T.H. had recently lost her father as well as two of her sisters and began to open up to and trust Temple. Temple viewed himself as a father figure to T.H. as well.

On November 27, 2012, around 1:15 a.m., while D.S., who was pregnant, and the couple's one-year-old daughter were upstairs asleep, Temple was downstairs with then thirteen-year-old T.H. Temple showed T.H. a pornographic video. He had previously shown T.H. pornographic cartoons and made sexually inappropriate comments to her. After showing T.H. the video, Temple began to massage T.H.'s back, feet, and legs. Temple moved his hand inside of T.H.'s underwear and inserted his finger in her vagina. Temple admitted that he was aroused and had an erection when he did this. At some point, Temple thought that T.H. had fallen asleep and told her to go to her room if she was tired. T.H. went to her room and texted a friend that "she had been raped by her mother's boyfriend." *Appellant's App*. at 53.

---

[1] *See* Ind. Code § 35-42-4-3(a)(1). We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because Temple committed his crime prior to July 1, 2014, we will apply the statute in effect at the time he committed his crime.

The next day, police officers went to the home after receiving a report from T.H.'s friend. Temple admitted to police what he had done to T.H. and wrote out a signed, written statement admitting the crime. The State charged him with Class A felony child molesting. Although, he had previously admitted what he had done to T.H., he later recanted and began blaming others, including T.H., and claimed that he was set up. Temple did not agree to a plea agreement for three years.

Because of Temple's actions, T.H. was diagnosed with severe depression, post-traumatic stress disorder ("PTSD"), anxiety, attention deficit disorder ("ADD"), night terrors, self-mutilation, and an eating disorder. T.H. attempted to commit suicide in May 2011, and prior to the sentencing hearing, she had completed an eleven-day partial hospitalization due to stress. At the sentencing hearing, T.H. testified that she feared going to sleep "because of my night terrors" and could not "go into a small crowd without having a panic attack." *Sentencing Tr.* at 45. While the case was pending, T.H. made intermittent progress, but would suffer setbacks due to three years of trial preparation.

At the sentencing hearing, the trial court found the following mitigating circumstances: Temple pleaded guilty and did not put T.H. and her family through a trial; Temple had no prior criminal record; and Temple had family support. The trial court found the following to be aggravating circumstances: risk to re-offend; Temple was in a position of care for T.H.; and harm to T.H. that was above what a normal victim would experience. After finding that the aggravating circumstances outweighed the mitigating circumstances, the trial court sentenced Temple to thirteen years with nine years executed and four years suspended to probation. Temple now appeals.

**DISCUSSION AND DECISION**

Temple argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Initially, we note that our Supreme Court has clarified that inappropriate sentence and abuse of discretion claims are to be analyzed separately. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). However, in the present case, Temple seems to intermingle his inappropriate sentence argument with references to the finding of aggravating and mitigating circumstances under the abuse of discretion standard. Although he raises an appropriateness contention, Temple's arguments seem to focus on the weight given, or not given, to mitigating circumstances. These are not proper assertions because a trial court no longer has any obligation to weigh the aggravating and mitigating circumstances and cannot be said to have abused its discretion in failing to properly weigh such factors. *Id*.

Appellate courts may revise a sentence after careful review of the trial court's decision if they conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Even if the trial court followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

Here, as to the nature of the offense, Temple molested T.H. and abused a position of trust he held in regards to her. Temple had gained T.H.'s trust, and she had confided in

4

him as she would her father, who had recently passed away. Temple took advantage of T.H.'s trust and innocence and destroyed both in one night. Although, as Temple asserts, this was a one-time incident, he was arrested the day after it occurred and remained incarcerated until he finally pleaded guilty. Prior to the molestation, Temple groomed T.H. by gaining her trust, and then began showing her pornographic cartoons and videos and making sexually inappropriate comments. At the time the molestation occurred, Temple's young daughter and pregnant girlfriend were asleep upstairs.

Additionally, the significant harm to T.H. as a result of this crime makes Temple's offense even more egregious. The harm suffered by T.H. was substantial and greater than the elements necessary to prove the crime charged. T.H. had been diagnosed with severe depression, PTSD, anxiety, ADD, night terrors, self-mutilation, and an eating disorder. She had attempted to commit suicide and had completed an eleven-day partial hospitalization. She feared going to sleep because of night terrors and would suffer panic attacks when she went into even small crowds. While the case was pending, T.H. made progress, but would suffer setbacks due to three years of trial preparation.

As to Temple's character, although he did plead guilty, it was only after three years of recanting his initial confession, blame-shifting, and requesting postponements and delays of the trial proceedings. Prior to this offense, Temple had no criminal record and had been consistently employed for at least a year. He also had a supportive family that was willing to help him. However, even after he pleaded guilty, Temple did not seem to understand the damage he inflicted on T.H. At the sentencing hearing, he was more concerned with his own feelings rather than the damage and harm he caused T.H. We

5

conclude that Temple's thirteen-year sentence with nine years executed was not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

BAKER, J., and ROBB, J., concur.