**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2014, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TERRANCE GREENWOOD, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A04-1406-CR-289 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-1308-FD-364

**December 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Terrance Greenwood, Jr. pleaded guilty to check fraud[1] as a Class D felony and to being a habitual offender and was sentenced to four and a half years executed. He appeals, arguing that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Pursuant to the charging information and the factual basis from Greenwood's guilty plea hearing, the pertinent facts are as follows: On or about October 12, 2012 through May 2013, in Tippecanoe County, Indiana, Greenwood did on several occasions knowingly or intentionally obtain property with the intent to defraud by issuing or delivering checks on a financial institution that he knew would not be honored. Specifically, Greenwood wrote checks he knew would not be honored to D&R Market, McDowell's Power Equipment, The Athlete, Hodson's Bay, Follet's Purdue West, Hobby Lobby, McGuire Music, Rigg's Mowers, and Zeibart.

On August 6, 2013, the State charged Greenwood with seven counts of theft, each as a Class D felony, and one count of check fraud as a Class D felony. On January 21, 2014, the State amended the charging information to add Count IX, a habitual offender enhancement. On April 15, 2014, Greenwood and the State entered into a plea agreement, in which Greenwood would plead guilty to Class D felony check fraud and to being a habitual offender, and his sentence would be capped at six years. On the same day, the

---

[1] *See* Ind. Code § 35-43-5-12. We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because Greenwood committed his crimes prior to July 1, 2014, we will apply the statute in effect at the time he committed his crimes.

trial court sentenced Greenwood to three years executed for check fraud, enhanced by three years for the habitual offender adjudication, for a total of six years. The trial court ordered four and a half years executed in the Department of Correction with one and half years suspended to probation. Greenwood was also ordered to pay $21,956.04 in restitution to the victims. Greenwood now appeals.

## DISCUSSION AND DECISION

Greenwood argues that his four and a half year executed sentence is inappropriate in light of the nature of the offense and his character. Appellate courts may revise a sentence after careful review of the trial court's decision if they conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Even if the trial court followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). The defendant has the burden of persuading the appellate court that his sentence is inappropriate. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

Concerning the nature of the offense, the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed. *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a Class D felony is one and a half years. Ind. Code § 35-50-2-7. A person found to be a habitual offender shall be sentenced to an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three times the advisory sentence for the underlying offense. Ind. Code § 35-50-2-8(h). In the present case, Greenwood did not merely present bad checks to

3

businesses. He stole merchandise from many different stores, some of which he later pawned. When he was contacted regarding the checks, Greenwood repeatedly lied or made excuses as to why the checks were returned for insufficient funds. Greenwood never apologized or showed any remorse for his actions. In total, Greenwood stole $21,956.04 worth of merchandise from several different stores.

As to Greenwood's character, he has an extensive criminal history, beginning when he was eighteen years old and extending into four different states. He has prior misdemeanor convictions for check deception, driving while suspended, no license to operate a motorcycle, fraud, larceny, no driver's license, driver's license under revocation/suspension, and reckless driving. He has prior felony convictions for theft, check fraud, issuing bad checks, forgery, fraud on a financial institution, monetary instrument abuse, larceny, and counterfeiting. At the time of his present conviction, Greenwood had pending charges in two other Indiana counties and a pending petition to revoke probation. Such an extensive criminal history shows a disregard for the justice system and reflects poorly on his character. We conclude that Greenwood's four and a half year executed sentence is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.

4