## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2015, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Joanne Baitup
Law Office of Joanne Baitup
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominick Fazzini, | February 17, 2015 |
| *Appellant-Defendant,* | Court of Appeals Cause No. 64A04-1406-CR-296 |
| v. | Appeal from the Porter Superior Court |
| State of Indiana, | The Honorable Roger V. Bradford, Judge |
| *Appellee-Plaintiff.* | 64D01-1208-FA-8167 |

**Kirsch, Judge.**

[1]     Dominck Fazzini ("Fazzini") appeals his conviction of burglary as a Class A felony[1]. He presents one issue on appeal:  whether his sentence was

---

[1] *See* Ind. Code § 35-43-2-1

inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] Fazzini received information that Cheri Baruch ("Baruch") had money and several guns locked in a safe in her basement. Fazzini recruited Michael Sprague ("Sprague"), Jordan Wilkerson ("Wilkerson"), and Shawn Duffy ("Duffy") to join him in burglarizing and robbing Baruch. Because the money and guns were located in Baruch's safe, Fazzini told his accomplices that they would need to commit their crime while Baruch was home so that she could open the safe for them.

[4] On August 8, 2012, Fazzini and the other men drove to Baruch's house. Wilkerson attempted to gain entry by asking Baruch if he could come in. When she refused, Wilkerson asked her for some water. When she opened the door to give Wilkerson the water, Wilkerson forced himself inside. Fazzini and Duffy entered behind Wilkerson. Both were armed with handguns. Duffy pointed his gun at Baruch, and Wilkerson knocked her to the floor and held her down. Baruch sustained injuries to her head, back, and knee.

[5] One of the men grabbed Baruch's keys from her, and then the group forced her down to the basement safe. The group threatened to shoot her if she did not open the safe. Baruch complied, and Fazzini and his accomplices took the guns

and money. They then made Baruch put on a new shirt and attempted to destroy their fingerprints with bleach.

[6] While Fazzini and his accomplices were still at Baruch's residence, her neighbor, James Filby ("Filby"), arrived causing the men to flee. After hearing about what happened, Filby called 911 and gave chase. The pursuit concluded when the vehicle in which Fazzini and his accomplices were traveling crashed. Fazzini, Sprague, and Wilkerson all fled, but were apprehended shortly afterward. During the encounter, Duffy exchanged gunfire with the police—shooting Filby in the hand in the process—before turning his gun on himself and taking his own life.

[7] The State charged Fazzini with burglary as a Class A felony, robbery as a Class B felony, and criminal confinement as a Class B felony. Fazzini agreed to plead guilty to burglary as a Class A felony in exchange for the dismissal of the two lesser charges as well as an executed sentence cap of 40 years. All remaining charges were dismissed. Fazzini was sentenced to 35 years executed and 5 years suspended. Fazzini now appeals.

## Discussion and Decision

[8] Appellate courts may revise a sentence after careful review of the trial court's decision if they conclude that the sentence is inappropriate based on the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Even if the trial court followed the appropriate procedure in arriving at its sentence, the appellate court still maintains a constitutional power to revise a sentence it

finds inappropriate. *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005). While the trial court is not afforded excessive deference, "we must and should exercise deference to a trial court's sentencing decision" in part because of the trial court's unique perspective on sentencing decisions. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)

[9]     Fazzini contends that trial court abused its discretion because his sentence was inappropriate in light of the character of the offender. Fazzini is conflating two entirely separate analyses: "[I]nappropriate sentence and abuse of discretion claims are analyzed separately. . . . [A]n inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Our Supreme Court has stated that an abuse of discretion at sentencing occurs when the trial court "fails to enter a sentencing statement . . . enters a sentencing statement that explains reasons for imposing a sentence but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

[10]    Fazzini does not explicitly contend the trial court committed any of the aforementioned errors. Rather, Fazzini claims that the trial court abused its discretion in failing to find that the mitigating factors of the case outweighed the aggravating factors. However, our Supreme Court has held that "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating

factors against each other when imposing a sentence . . . a trial court cannot now be said to have abused its discretion in failing to 'properly weigh' such factors." *Id.* at 491. Fazzini's argument is incorrect as a matter of law.

[11] Regarding the claim that a sentence is inappropriate in light of the nature of the offense and the character of the offender, the defendant has the burden of persuading the appellate court that his sentence is inappropriate. *King*, 894 N.E.2d at 267. Here, the trial court determined that the damage done to the victim, the danger the crime posed to the community, and Fazzini's role as the mastermind behind the crime justified a sentence higher than the advisory sentence. We see no reason to disagree. Fazzini was the mastermind behind a brutal attack on an innocent woman. This is not his first offense. Finally, the nature of the offense is particularly heinous: a pre-planned attack on a defenseless woman in her own home that ultimately left one dead and two injured. Fazzini's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[12] Affirmed.

Friedlander, J., and Crone, J., concur.