## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 17 2015, 9:24 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes Kolbus Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randolf S. Sargent,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 17, 2015

Court of Appeals Cause No.
20A03-1409-CR-338

Appeal from the Elkhart Circuit Court
Cause No. 20C01-1307-FA-39

The Honorable Terry C. Shewmaker, Judge

**Barnes, Judge.**

# Case Summary

Randolf Sargent appeals his thirty-year sentence for one count of Class A felony attempted dealing in methamphetamine. We affirm.

# Issue

The sole issue before us is whether Sargent's sentence is inappropriate.

# Facts

On July 28, 2013, an Elkhart Police Department officer responded to a report of an explosion and possible fire inside of an apartment. When the officer arrived on the scene and entered the apartment, there was a strong chemical smell and a lot of smoke. There was no fire, but there were fire marks on the kitchen wall. After being told that Sargent lived in the apartment, the officer went to the fire escape and saw him speeding away from the parking lot. Sargent's apartment was located in a building with fifteen other units.

Police found Sargent later that evening and transported him to a hospital because he was having difficulty breathing. Sargent admitted to police that he had been attempting to manufacture methamphetamine when a soda bottle failed and started a fire, which he put out by throwing the bottle in a sink and covering it with flour. Sargent also stated that he primarily cooked methamphetamine for his own use, but he would sometimes exchange it for pseudoephedrine pills. He had been cooking methamphetamine for a few months before this incident.

The State charged Sargent with one count of Class A felony attempted dealing in methamphetamine. The charge was elevated from a Class B to a Class A felony because the offense allegedly took place within 1,000 feet of a family housing complex. Sargent pled guilty to the offense without a plea bargain.

While jailed after being arrested and prior to sentencing, Sargent participated in several religious and addiction counseling programs. Sargent had abused marijuana and methamphetamine at various times in his life. His only prior criminal history consisted of one 1996 conviction for Class C misdemeanor operating a vehicle without insurance.

After Sargent's sentencing hearing, the trial court found as mitigating Sargent's acceptance of responsibility, his addiction issues, and statements of support from family members and a program instructor. As aggravating, the trial court noted Sargent's criminal conviction and his frequent use of illegal drugs in the past, the fact that the fire endangered a number of other people, and the fact that he was forty-nine years old and "old enough to know better." App. p. 33. The trial court imposed a sentence of thirty years, with five years suspended to probation. Sargent now appeals.

## Analysis

Sargent was convicted under the version of Indiana Code Section 35-48-4-1.1 that was in effect at the time he committed the offense. That version of the statute made manufacturing methamphetamine within 1,000 feet of a family housing complex a Class A felony, which is punishable by a term of twenty to

fifty years, with an advisory term of thirty years.[1] *See* Ind. Code § 35-50-2-4(a). Sargent contends his sentence is inappropriate under Indiana Appellate Rule 7(B) in light of his character and the nature of the offense. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007). Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[9] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the

---

[1] Prior to sentencing, the trial court denied Sargent's request to be sentenced under the new criminal statutes that went into effect on July 1, 2014. Under the new statutes, dealing in methamphetamine weighing less than one gram by manufacturing is a Level 4 felony, and there is no longer an enhancement based on proximity to a family housing complex. *See* Ind. Code §§ 35-48-4-1.1; 35-48-1-16.5(5) (specifying that dealing in methamphetamine of less than one gram by manufacturing is a Level 5 felony unless an "enhancing circumstance" applies, which includes manufacturing, in which case the offense is a Level 4 felony). The sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years. *See* I.C. § 35-50-2-5.5. In passing the new criminal statutes, the legislature made it very clear that they only applied to offenses committed on or after July 1, 2014, and that the doctrine of amelioration should not apply. *See* I.C. § 1-1-5.1-21. Sargent does not raise this issue on appeal.

sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10]  Regarding Sargent's character, there is nothing particularly negative to note. His only criminal conviction from nearly two decades ago was for a Class C misdemeanor driving offense, which is not very relevant to the current Class A felony methamphetamine conviction. *See Wooley v. State*, 716 N.E.2d 919, 929 (Ind. 1999). Sargent also pled guilty without the benefit of a plea agreement or dismissal of any other charges, which demonstrates acceptance of responsibility for his crime. *See Hope v. State*, 834 N.E.2d 713, 718-19 (Ind. Ct. App. 2005). Sargent did admit to using marijuana and methamphetamine on and off in the past, which would indicate prior uncharged criminal behavior by him. However, the trial court also noted that Sargent appeared to have a drug addiction problem, which he had begun addressing while in jail. *See Parks v. State*, 22 N.E.3d 552, 554 (Ind. 2014) (reducing sentence for dealing in methamphetamine of defendant who "acknowledged that his drug addiction has continually caused problems in his life . . . .").

[11] As for the nature of the offense, we disagree with Sargent that this was a "run of the mill" offense. Appellant's Br. p. 9. We note that all that was required to convict Sargent of the Class A felony offense was that he manufactured methamphetamine within 1,000 feet of a family housing complex. Sargent went well beyond this bare minimum when he attempted to cook methamphetamine *inside of* a family housing complex with fifteen other units in it and then proceeded to seriously endanger the other persons living in the complex by starting a fire. This was precisely the type of danger that the family housing complex enhancement was intended to protect against. We find the nature of the offense to be egregious.

[12] We note that in *Parks*, our supreme court recently reduced a sentence for Class A felony dealing in methamphetamine by manufacturing within 1,000 feet of a family housing complex. As here, the manufacturing apparently took place in an apartment building, and while a chemical spill occurred, there was no fire or explosion. In that case, the defendant, Parks, had received a sentence of forty years, with twenty-six years executed in the Department of Correction, four years executed through community corrections, and ten years suspended to probation. After outlining Parks's criminal history, addiction issues, expressions of regret, cooperation with law enforcement, and family support, our supreme court decided that a sentence revision was warranted. It reduced the sentence to a total of thirty years, with twenty years executed at the Department of Correction, two years executed through community corrections, and eight years suspended to probation. *Parks*, 22 N.E.3d at 555-56.

[13] Sargent's sentence of the advisory thirty years, with five years suspended to probation and twenty-five years executed in the Department of Correction, is comparable to the revised sentence received by Parks, with only a slight difference in executed time. Sargent pled guilty, unlike Parks, and he also has less of a criminal history than Parks. However, both Sargent and Parks had drug addiction issues that contributed to their crimes. Sargent also caused an explosion and fire in the middle of an apartment building, while Parks did not. No two defendants and no two crimes are exactly identical. However, we recognize that "'a respectable legal system attempts to impose similar sentences on perpetrators committing the same acts who have the same backgrounds.'" *Corbally v. State*, 5 N.E.3d 463, 472 (Ind. Ct. App. 2014) (quoting *Serino v. State*, 798 N.E.2d 852, 854 (Ind. 2003)). We believe that is precisely the case when we look at Sargent's and Parks's crimes and backgrounds and the sentences each received. As such, we cannot say that Sargent's sentence is inappropriate.

## Conclusion

[14] Sargent's sentence is not inappropriate. We affirm.

[15] Affirmed.

May, J., and Pyle, J., concur.