Gerald W. BUCHANAN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–9709–CR–492.

Supreme Court of Indiana.

Sept. 4, 1998.

Stephen Laudig, Marion County Public Defender Agency, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Office of Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant was convicted of carjacking, kidnapping, criminal confinement, and robbery and was sentenced to 100 years imprisonment. Defendant presents several issues in this direct appeal which we restate as follows: (1) whether the convictions for carjacking and robbery constitute double jeopardy; (2) whether the convictions for kidnapping and confinement constitute double jeopardy and; (3) whether the sentence was manifestly unreasonable. We affirm the conviction and reduce the sentence.

*FACTS*

On the evening of June 6, 1996, defendant opened Tiffini Aschliman's car door and, armed with a knife, pulled her out of her car. Ms. Aschliman told defendant he could take her purse, but defendant responded, "I want you in the trunk." He then forced her into

the trunk of her own car and drove for about thirty minutes. He asked her for her ATM card personal identification number. An hour later, he asked her again and she gave him the number. Approximately eighteen hours after she was placed in the trunk, Ms. Aschliman was able to escape and directed the police to the hotel where defendant was. The police then arrested him.

## DISCUSSION

■ Defendant first argues that the double jeopardy rule's prohibition of multiple punishments for the same offense is violated by his convictions. *Kennedy v. State,* 674 N.E.2d 966, 967 (Ind.1996). However, the record indicates that the trial court merged the criminal confinement and carjacking convictions into the conviction for kidnapping, leaving defendant to be punished only for kidnapping and robbery.[1] Kidnapping and robbery are clearly separate offenses. When a defendant, as here, is convicted of separate offenses, there is no violation of the double jeopardy rule. Offenses are separate for double jeopardy purposes when each offense contains an element that the other does not. *Games v. State,* 684 N.E.2d 466 (Ind.1997), *modified on other grounds,* 690 N.E.2d 211 (Ind.1997). Kidnapping requires the following elements: the defendant 1) knowingly or intentionally, 2) confines, 3) another person, while 4) hijacking a vehicle. IND.CODE § 35–42–3–2 (1998).[2] Robbery, in contrast, contains the following elements: the defendant 1) knowingly or intentionally, 2) took property from another, 3) by using or threatening the use of force. IND.CODE § 35–42–5–1 (1998). Thus, kidnapping contains elements which robbery does not (confinement and the hijacking of a vehicle), while robbery con-

tains elements which kidnapping does not (taking of property from a person and the use of force). Since the other convictions were merged, defendant is only being punished for these two clearly separate offenses. No double jeopardy issue exists.

■ The only issue remaining for our consideration is the propriety of the sentence. Count I, kidnapping, Indiana Code section 35–42–3–2 (1998), is a class A felony, which carries a presumptive term of thirty (30) years and which may be aggravated up to an additional twenty (20) years. Count III, robbery, Indiana Code section 35–42–5–1, is a class B felony, which carries a presumptive sentence of ten (10) years and which may be aggravated up to an additional ten (10) years. The court found that aggravators outweighed mitigators and sentenced defendant to the aggravated sentence of fifty (50) years for Count I, enhanced by thirty (30) years for defendant's habitual criminal status (IND. CODE § 35–50–2–8 (1998)), and to the aggravated sentence of twenty (20) years for Count III, the sentences to run consecutively. The remaining counts were merged.[3]

■ When reviewing enhanced sentences, we analyze the sentencing court's statement to determine whether three criteria are met. The statement must (1) identify all significant aggravating and mitigating factors, (2) state why each factor is considered aggravating or mitigating, and (3) reveal that the court weighed the aggravating and mitigating factors and found that the aggravating factors were not offset by the mitigating factors. *Jones v. State,* 675 N.E.2d 1084, 1087 (Ind.1996) (citing *Henderson v. State,* 489 N.E.2d 68, 71 (Ind.1986)). Among those

---

1. Defendant does not acknowledge that merger occurred, despite the fact that it clearly did occur, as revealed in the trial court's sentencing statement. The court stated:

   All of those aggravating circumstances clearly warrant an increased sentence over the presumptive on Count I to 50 years, enhanced by 30 for being an habitual offender. On Count Three, the Court will impose the maximum of 20 years, order that served consecutive to Count One. Counts Two and Five, ten years each. Actually, we will not impose any sentence at all. Those counts will merge with the kidnapping offense.

(R. at 595–598).

2. The fourth element of kidnapping may be any one of the following:

   1) with intent to obtain ransom; 2) while hijacking a vehicle; 3) with intent to obtain the release, or intent to aid in the escape, of any person from lawful detention; or 4) with intent to use the person confined as a shield or hostage.

   IND.CODE § 35–42–3–2(a) (1998).

3. *See supra* note 1.

factors which shall be considered by a court are the nature and circumstances of the crime, the defendant's prior criminal record, character, and condition, and any oral or written statement made by a victim of the crime. IND.CODE § 35–38–1–7.1(a) (1998). The trial court relied upon the following as aggravating circumstances; the defendant's substantial prior criminal history, and the nature and circumstances of the crime.

 The court cited ample evidence in support of these two aggravators. One aggravator is sufficient to support the enhancement of a sentence. *Thorpe v. State,* 524 N.E.2d 795 (Ind.1988). Thus, either defendant's prior criminal history or the circumstances of the crime, standing alone, support the enhanced sentence. The court sufficiently supported its finding of prior criminal history by referring specifically to defendant's prior burglary convictions, juvenile burglary and theft convictions, and a revocation of parole. Further, the court considered the nature and circumstances of the crime, reciting that defendant kidnapped a young woman who was smaller, alone and more vulnerable and that defendant not only hijacked her car and belongings but also "had the audacity to lock her in the trunk of the car and drive her around for ... almost 24 hours." (R. at 595–98.) The sentencing court sufficiently supported the prior criminal history and circumstances of the crime aggravators and found them to outweigh the mitigating factors, which consisted of some family support and ability to hold a job.

Defendant's contention that it is manifestly unreasonable to have considered the same prior criminal offenses for both his habitual offender status and for enhancement of the presumptive terms and imposition of consecutive sentences is without merit. We have already addressed this issue and found that the practice is valid. *Jones v. State,* 600 N.E.2d 544, 548 (Ind.1992) (citing *Criss v. State,* 512 N.E.2d 858, 860 (Ind.1987)).

 Although the sentencing court appropriately engaged in the balancing process of weighing the aggravating factors against the mitigating factors, we find that the fully enhanced, consecutive nature of the sentence is excessive. This crime was one in which, fortunately, no physical injury was suffered by the victim and in which the property loss sustained was minimal. The absence of physical injury does not mean that the court should not impose an enhanced sentence. However, "the maximum enhancement permitted by law ... should ... be reserved for the very worst offenses and offenders." *Bacher v. State,* 686 N.E.2d 791, 802 (Ind. 1997). Therefore, while consideration of the nature of the crime supports the enhancement of the sentences, the imposition of consecutive sentences in this case is excessive.

### CONCLUSION

We affirm the convictions and revise the kidnapping and robbery sentences to run concurrently for a total of eighty (80) years.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.