Robert L. NEALE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 01S02–0408–CR–350.

Supreme Court of Indiana.

May 3, 2005.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Daniel Jason Kopp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Robert L. Neale seeks our review and revision of his 50–year sen-

tence imposed for child molesting. The principal reason the trial court increased the sentence beyond the standard 30–year sentence for this crime was Neale's prior criminal history. We conclude that his criminal history, which consists entirely of misdemeanor convictions, does not justify a 20–year increase in his sentence and revise his sentence to 40 years.

### Background

Robert L. Neale lived with a woman and her daughter, M.S. During the fall of 2000, Neale had sexual intercourse with then 12–year–old M.S. M.S. testified that this occurred on three or four occasions.

In April, 2001, M.S. reported the abuse to a relative, and her mother filed a report with the police department. The State later charged Neale with one count of child molesting, a Class A felony, and a jury found Neale guilty as charged.

The trial court sentenced Neale to 50 years in the Indiana Department of Correction—the maximum sentence for a Class A felony [1]—with 10 years suspended. Neale appealed his sentence, contending that it was inappropriate in light of the nature of the offense and his character. In an unpublished decision, a divided panel of the Court of Appeals affirmed the trial court's sentence. *Neale ·v. State*, No. 01A02–0311–CR–983, slip op. at 9, 811 N.E.2d 499 (Ind.Ct.App. June 11, 2004). Neale sought, and we granted, transfer. 822 N.E.2d 971 (Ind.2004).

### Discussion

The Indiana Constitution provides, "The Supreme Court shall have, in all appeals of criminal cases, the power to … review and revise the sentence imposed." Ind. Const. art. VII, § 4. Pursuant to this authority, we have provided by rule that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

The standard or "presumptive" sentence prescribed by the Legislature for Class A felony child molesting is "thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances." Ind.Code § 35–50–2–4 (2004). "If the court relies on aggravating or mitigating circumstances to deviate from the presumptive sentence, it must (1) identify all significant mitigating and aggravating circumstances; (2) state the specific reason why each circumstance has been determined to be mitigating or aggravating; and (3) articulate the court's evaluation and balancing of circumstances." *Francis v. State*, 817 N.E.2d 235, 237 (Ind.2004) (citing *Wooley v. State*, 716 N.E.2d 919, 929 (Ind.1999)). When a defendant challenges on appeal a sentence more severe than the presumptive, "the reviewing court will examine the record to insure that the sentencing court explained its reasons for selecting the sentence it imposed." *Id.* (citing *Lander v. State*, 762 N.E.2d 1208, 1214–15 (Ind.2002)).

At Neale's sentencing hearing, the court identified three aggravating circumstances: (1) the Defendant's extensive criminal history; (2) the nature and circumstances of the crime committed (more specifically, the facts that the Defendant committed the crime while residing in the home of the victim and that the victim described in her testimony multiple acts of intercourse); and (3) the fact that the Defendant abused his position of trust as the

---

1. Ind.Code § 35–50–2–4 (2004).

victim's stepfather[2] to take advantage of the victim. The court identified four mitigating circumstances: (1) the crime was the result of circumstances unlikely to recur; (2) the Defendant is likely to respond to probation and counseling; (3) the Defendant stated that he was willing to make restitution to the victim for the injury; and (4) the Defendant's imprisonment would pose an undue hardship on the Defendant's wife and their daughter. The court balanced these aggravating and mitigating circumstances and sentenced Neale to 50 years in the Department of Correction, with 10 years suspended.

## I

█ Neale argues that his sentence is excessive because the lower court failed to consider as a mitigating circumstance the fact that he caused no physical injury to M.S. To support his proposition, Neale cites three opinions of this Court, *Buchanan v. State,* 699 N.E.2d 655 (Ind.1998) (*"Buchanan I"*), *Walker v. State,* 747 N.E.2d 536 (Ind.2001), and *Buchanan v. State,* 767 N.E.2d 967 (Ind.2002) (*"Buchanan II"*). We reject Neale's suggestion that our opinions in these cases stand for the proposition that the absence of physical injury to M.S. entitles Neale to a sentence reduction.

In *Buchanan I,* 699 N.E.2d 655, the defendant was convicted of carjacking, kidnapping, criminal confinement, and robbery and was sentenced to 100 years imprisonment. This Court, finding that "the fully enhanced, consecutive nature of the sentence [was] excessive," revised the sen-

tence to 80 years. *Buchanan I,* 699 N.E.2d at 657. Neale argues that "[t]his Court found the sentence to be manifestly unreasonable[3] because 'no physical injury was suffered by the victim' and 'the property loss sustained was minimal.'" Pet. to Trans. at 3 (quoting *Buchanan I,* 699 N.E.2d at 657). However, when considered in context, this Court's mentioning that there was a lack of physical injury to the victim was merely dicta: "This crime was one in which, fortunately, no physical injury was suffered by the victim and in which the property loss sustained was minimal." *Buchanan I,* 699 N.E.2d at 657. In fact, this Court went on to say that "[t]he absence of physical injury does not mean that the [trial] court should not impose an enhanced sentence." *Id.* Furthermore, in *Buchanan I,* the sentence in question was based on convictions unrelated to sexual abuse.

In *Walker,* the defendant was convicted of two counts of child molesting, both Class A felonies. The trial court, finding several aggravating circumstances but no mitigating circumstances, sentenced the defendant to two consecutive 40-year sentences for a total of 80 years. *Walker,* 747 N.E.2d at 537. Finding that the defendant's enhanced sentence was manifestly unreasonable, this Court explained that "[t]he trial court found a number of aggravating circumstances, including committing the crime while on probation and fleeing the jurisdiction. Still, the trial court did not find a history of criminal behavior. Moreover, the two separate counts of child molestation were identical and involved

2. The parties indicate that Neale and the victim's mother married after the crimes were committed but prior to trial and sentencing.

3. Before January 1, 2003, an appellate court needed to find that a trial court's sentence was "manifestly unreasonable" before it could revise the sentence. Effective January

1, 2003, the rule was amended to authorize an appellate court to revise a sentence if it finds "after due consideration of the trial court's decision," that a sentence is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

the same child." *Id.* at 538. This Court continued: "Additionally, there was no physical injury. Although the absence of physical injury does not bar an enhanced sentence, this is some distance from being the worst offense or the most culpable offender." *Id.* As in *Buchanan I,* the Court's mention of the absence of physical injury is coupled with a declaration that this fact does not bar an enhanced sentence.

Finally, in *Buchanan II,* 767 N.E.2d 967, the defendant was sentenced to the maximum sentence of 50 years for Class A felony child molesting. The defendant appealed, arguing that the imposition of his sentence was "manifestly unreasonable and not proportional to the nature of his offense." *Id.* at 970. This Court, in considering whether the defendant's sentence was unreasonable, again discussed the fact that there was an absence of physical harm. And again, this discussion was in the context of determining whether the defendant was "within the class of offenders for whom the maximum possible sentence is appropriate." *Id.* at 974. Furthermore, this Court specifically noted:

> While the absence of [brutality] does not in *any* way lessen the severity of the crimes as such, *and thus does not constitute a mitigating factor justifying · a reduction or suspension of the presumptive sentence,* the presence of aggravated brutality distinguishes the defendants who commit such acts and justifies a substantially aggravated term where it is present. We do not by this observation debase the seriousness of [sexual assault crimes] themselves. *Nor do we suggest that the absence of collateral brutality prevents the imposition of an enhanced sentence.*

*Id.* at 973 n. 4 (quoting *Fointno v. State,* 487 N.E.2d 140 (Ind.1986)) (first emphasis in original; second and third emphases added).

In each of the cases Neale cites, we considered the fact that the defendant did not cause physical harm to the victim when determining whether he was within the class of offenders for whom the maximum sentence is appropriate. But in each case, we explicitly stated that the absence of physical harm is not an automatic mitigating circumstance such that it would require a lesser sentence than would otherwise be imposed.

## II

■ Although we disagree with Neale that the trial court should have considered the absence of physical harm a mitigating circumstance, we find that the maximum sentence is inappropriate.

As noted before, the trial court identified three aggravating circumstances: (1) the Defendant's extensive criminal history; (2) the nature and circumstances of the crime; and (3) the fact that the Defendant abused his position of trust as the victim's stepfather. The court also identified four mitigating circumstances: (1) the crime was the result of circumstances unlikely to recur; (2) the Defendant is likely to respond to probation and counseling; (3) the Defendant stated that he is willing to make restitution to the victim for the injury; and (4) the Defendant's imprisonment will pose an undue hardship on the Defendant's wife and their daughter. The trial court assigned "slight" or "minimal" weight to the first three mitigators. It found the fourth to be the strongest of all, but still found it to be "significantly weakened."

Neale's criminal history, while extensive, consists only of misdemeanors; most of them were alcohol related. These included, driving while suspended, operating a vehicle while intoxicated, public intoxi-

cation, and battery. In *Ruiz v. State,* we held that "convictions for alcohol-related offenses are at best marginally significant as aggravating circumstances in considering a sentence for a Class B felony." 818 N.E.2d 927, 929 (Ind.2004). We also noted that "[s]ignificance varies based on the gravity, nature and number of prior offenses as they relate to the current offense." *Id.* (quoting *Wooley v. State,* 716 N.E.2d 919, 929 (Ind.1999)). Here, there was neither drinking nor driving involved in the acts of child molesting, and "the latter is manifestly different in nature and gravity from the misdemeanors." *Id.* We do not find the aggravating weight of Neale's criminal history sufficient to justify the maximum sentence for a Class A felony.

In affirming the sentence imposed by the trial court, the Court of Appeals paraphrased Appellate Rule 7(B) (quoted in full *supra*) as follows: "A sentence that is authorized by statute will not be revised unless it is inappropriate in light of the nature of the offense and the character of the offender." *Neale v. State,* No. 01A02–0311–CR–983, slip op. at 4, 811 N.E.2d 499 (Ind.Ct.App. June 11, 2004) (*citing Foster v. State,* 795 N.E.2d 1078, 1092 (Ind.Ct. App.2003), *trans. denied*). While accurate as a matter of logic, *i.e.,* the rule does not authorize a sentence to be revised unless it is inappropriate in light of the nature of the offense and the character of the offender, we believe that phrasing the rule in the negative suggests a greater degree of restraint on the reviewing court than the rule is intended to impose. When we made the change to the language of the rule referred to in Footnote 3, we changed its thrust from a prohibition on revising sentences unless certain narrow conditions were met to an authorization to revise sentences when certain broad conditions are satisfied. *Cf.* App. R. 7(B) at 181 (West 2002) (repealed effective Jan. 1, 2001) ("The Court shall not revise a sen-

tence authorized by statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.") *with* App. R. 7(B) at 185 (West 2005) ("The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."). Furthermore, as Judge Riley noted in her dissent in the Court of Appeals decision, the trial court in this case found several mitigating circumstances, although it assigned them little weight. *Neale,* slip op. at 10–11. We agree with her analysis and conclusion that the appropriate sentence for Neale is 40 years, with 10 years suspended to probation.

### Conclusion

We remand this case to the trial court with instructions to issue an amended sentencing order and to issue or make any other documents or docket entries necessary to impose a sentence of 40 years, with 10 years suspended to probation, without a hearing.

SHEPARD, C.J., and BOEHM and RUCKER, JJ., concur.

DICKSON, J., dissents, believing the "due consideration of the trial court's decision" required by Indiana Appellate Rule 7(B) should restrain appellate revision of sentences to only rare, exceptional cases, and that this is not such a case.