**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT A. ROSENBOURGH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  46A05-1404-CR-175 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-1212-FA-604

**November 25, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Robert Rosenbourgh appeals the judgment of the trial court sentencing him to an eight-year executed term for Possession of Cocaine,[1] a class C felony, and revoking a portion of his good time credit. Rosenbourgh argues (1) that the trial court improperly weighed the aggravating and mitigating factors in imposing his sentence, (2) that his sentence is inappropriate in light of the nature of the offense and his character, and (3) that the trial court erred in initially granting a portion of good time credit that it later revoked. Finding no error, we affirm.

FACTS

On December 7, 2012, there was an outstanding arrest warrant for Rosenbourgh on a charge unrelated to this appeal. After the police found Rosenbourgh at a residence in Michigan City, they arrested him and searched the room where he was found. They discovered a black jacket containing a substance later found to be cocaine.

On February 15, 2013, Rosenbourgh pleaded guilty to one count of class C felony possession of cocaine. Pursuant to the terms of the plea agreement, the parties argued sentencing at a hearing held on March 13, 2013. On May 2, 2013, the trial court sentenced Rosenbourgh to eight years executed at the Department of Correction. The trial court awarded Rosenbourgh credit time for 153 days spent in confinement prior to sentencing as well as 153 days of good time credit. At the end of the hearing, the State informed the trial court that it had received a request from the LaPorte County Jail that

---

[1] Ind. Code § 35-48-4-6.

2

Rosenbourgh's good time credit be reduced by eighty days. The trial court asked the State to file a motion and scheduled a hearing on the matter.

On July 2, 2013, the trial court held a hearing on the good time credit issue and granted the State's motion, revoking eighty days of Rosenbourgh's good time credit. The trial court amended Rosenbourgh's sentencing order to indicate that he was now entitled to 153 days of credit time and 73 days of good time credit. Rosenbourgh now appeals.

DISCUSSION AND DECISION

I. Aggravating and Mitigating Factors

Rosenbourgh first argues that the trial court either failed to consider or improperly weighed mitigating factors when sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemeyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g on other grounds 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. Id.

Our Supreme Court has observed that "to carry out our function of reviewing the trial court's exercise of discretion in sentencing, we must be told of [its] reasons for imposing the sentence." Page v. State, 424 N.E.2d 1021, 1023 (Ind. 1981). Therefore, a trial court imposing a sentence for a felony offense is required to issue a sentencing statement giving a reasonably detailed recitation of its reasons for the sentence imposed. Anglemeyer, 868 N.E.2d at 484-85. A trial court may abuse its discretion by either failing to enter a sentencing statement at all, giving reasons for a sentence that are not

3

supported by the record, omitting reasons clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. Id. at 490-91.

Rosenbourgh argues that "the trial court abused its discretion by failing to provide the appropriate weight [to] Mr. Rosenbourgh's severe and longstanding mental illnesses and substance abuse problems . . . ." Appellant's Br. p. 7-8. However, the relative weight that the trial court assigns to aggravating and mitigating factors is no longer subject to judicial review. Webb v. State, 941 N.E.2d 1082, 1087 (Ind. Ct. App. 2011). Therefore, we will not consider Rosenbourgh's argument to the extent that he asserts that the trial court improperly weighed aggravating and mitigating factors.[2]

Rosenbourgh also argues that the trial court failed to provide a reasonably detailed explanation as to why certain factors were aggravating or mitigating. In its sentencing statement, the trial court observed:

> The defendant pled guilty saving the time and expense of trial. The defendant is a relatively young man at age 25. Defendant has significant mental health issues as he has been diagnosed with bipolar disorder, schizophrenia, claustrophobia, and explosive disorder. He has been hospitalized and attempted suicide in the past. Defendant is remorseful for his actions. He also has significant substance abuse issues.

---

[2] Rosenbourgh cites to case law interpreting a prior statute holding that a trial court must "articulate [its] evaluation and balancing of circumstances" in its sentencing statement. Neale v. State, 826 N.E.2d 635, 636 (Ind. 2005). This is no longer the case. In Anglemeyer, our Supreme Court observed that, following 2005 amendments, Indiana Code section 35-38-1-7.1 now provides a list of factors which a court "may consider" before it imposes a sentence "authorized by statute" and "permissible under the Constitution of the State of Indiana regardless of the presence or absence of aggravating circumstances or mitigating circumstances." I.C. § 35-38-1-7.1 (emphasis added). Therefore, "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." Anglemeyer, 868 N.E.2d at 491.

> Defendant has an extensive criminal history. He currently has six pending open cases, and has four previous felony convictions. The defendant has been revoked after placement in Community Corrections twice, revoked from probation three times, has failed to appear in court as ordered four times and has been found in contempt of court.

Appellant's App. p. 70. The trial court concluded that "[t]he aggravating circumstances outweigh the mitigators." Id.

We reject Rosenbourgh's contention that this sentencing statement is not reasonably detailed. While the trial court found many mitigating factors, it also found substantial aggravating factors that it determined outweighed the mitigating factors. This statement gives sufficient detail as to the factors that the trial court considered to facilitate our review. We reiterate that we will not reweigh these factors. Webb v. State, 941 N.E.2d at 1087. As Rosenbourgh fails to argue that the trial court either omitted reasons clearly supported by the record and advanced for consideration or relied on reasons that were improper as a matter of law, his argument amounts to no more than an unreviewable request to reweigh the factors.[3]

## II. Appropriateness of Sentence

Rosenbourgh next argues that his sentence is inappropriate in light of the nature of the offense and his character. Under Indiana Appellate Rule 7(B) "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's

---

[3] Rosenbourgh argues that the trial court "merely identified some of the mitigating and aggravating factors" and then stated its conclusion that the aggravating factors outweighed the mitigating factors. Reply Br. p. 3. However, Rosenbourgh fails to cite to any case law holding that the trial court is required to do more than this and fails to provide an explanation as to why this does not constitute a reasonably detailed explanation of the reasons for the sentence imposed.

5

decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence is inappropriate. Webb, 941 N.E.2d at 1090.

Indiana Code section 35-50-2-6(a) provides that one who commits a class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." Rosenbourgh was sentenced to the maximum term of eight years.

While the nature of Rosenbourgh's offense may not have warranted imposition of the maximum sentence, the trial court found that the maximum sentence was warranted based on Rosenbourgh's character. The trial court noted that Rosenbourgh has a substantial criminal history. He has been involved with the criminal justice system since he was ten years old, when he received his first adjudication finding him to be delinquent. As an adult, he has amassed four felony convictions, three misdemeanor convictions, and had six pending criminal cases at the time he committed the instant offense. He has had his probation revoked three times, failed to appear in court four times, and been held in contempt of court. These are substantial aggravating factors and they reflect extremely poorly on Rosenbourgh's character. As such, we cannot say that the trial court erred in imposing the maximum sentence.

### III. Good Time Credit

Finally, Rosenbourgh argues that the trial court erred in granting the State's motion to revoke eighty days of his good time credit. During a sentencing hearing held

6

on March 13, 2013, the State informed the trial court that it had received a request from the LaPorte County Jail that Rosenbourgh's good time credit be reduced by eighty days. The trial court responded that it was unable to reduce Rosenbourgh's credit time on the basis of the State's oral request alone and scheduled a hearing on the matter. At the subsequent hearing, the State presented testimony of the chairman of the jail's disciplinary hearing board. He testified that Rosenbourgh had been violent and uncooperative with staff at the jail on numerous occasions and that disciplinary hearings were held following these incidents. The board recommended revoking eighty days of Rosenbourgh's good time credit as a result of these incidents and, following the hearing, the trial court granted the State's motion to that effect.

Indiana Code section 35-38-3-2 requires the trial court's judgment to include "the amount of credit, including credit time earned, for time spent in confinement before sentencing[.]" Earned credit time, or good time credit, can be rescinded for "a violation of one (1) or more of the rules of the penal facility in which the person is imprisoned." Ind. Code § 35-50-6-5(a)(2). "Before a person may be deprived of earned credit time, the person must be granted a hearing to determine the person's guilt or innocence[.]" I.C. § 35-50-6-5(b).

Rosenbourgh does not argue that he was deprived of his good time credit in violation of the statute. Rather, he argues that "because the trial court was aware of the LaPorte County Sheriff's request prior to sentencing, but still sentenced Mr. Rosenbourgh nonetheless, the court should not have later amended his Sentencing

7

Order . . . ." Appellant's Br. p. 15. However, Rosenbourgh cites to no authority holding that a trial court may not amend a sentencing order in such a manner. In light of the fact that "credit time earned while awaiting sentencing in a trial court is subject to subsequent deprivation by the Department of Correction[,]" we find that Rosenbourgh's proposed interpretation would make little practical sense. Robinson v. State, 805 N.E.2d 783, 791 (Ind. 2004). As the Department of Correction could have properly revoked Rosenbourgh's credit time at a later date, we find that the trial court did not err in doing so.

The judgment of the trial court is affirmed.

VAIDIK, C.J., and RILEY, J., concur.