## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 16 2018, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| --- | --- |
| Jennifer A. Joas<br>Madison, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Monika Prekopa Talbot<br>Supervising Deputy<br>Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Willie C. Napier,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 16, 2018<br><br>Court of Appeals Case No.<br>18A-CR-591<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Ryan J. King, Judge<br><br>Trial Court Cause No.<br>69C01-1609-F1-2 |

**Robb, Judge.**

# Case Summary and Issues

[1] Willie C. Napier pleaded guilty to three counts of child molesting, all Level 4 felonies. He raises two issues for our review which we restate as: 1) whether the trial court abused its discretion in identifying aggravating factors; and 2) whether Napier's sentence is inappropriate in light of the nature of the offense and the character of the offender. Concluding the trial court did not abuse its discretion and Napier's sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] In August 2016, Indiana State Trooper Kip Main received a report of a possible incident of child molesting involving Napier. Napier is the father of two children, K.N. and E.N. Napier is divorced and shares joint custody of the children with their mother, but the children live with him. At the time of this report, K.N. was eleven and E.N. was five. During the investigation, E.N. stated to a forensic interviewer that Napier "touched his pee pee and butt with a truck and his hand[,]" and that he saw Napier "touch his sibling's pee pee and butt." Appendix of Appellant, Volume Two at 16. E.N. also stated he had seen pictures and movies of naked people while at Napier's home.

[3] During Trooper Main's interview with K.N., K.N. disclosed that Napier would "show her videos to learn what 'humping and stuff' was." *Id.* K.N. recounted that she had once licked Napier's penis after he begged her to do so. K.N. also detailed a sexual encounter she had with B.E., her nine-year-old friend who

lived in Napier's building, where she performed oral sex on B.E. in Napier's room while Napier coached her and watched. *Id.*

[4] Trooper Main also interviewed B.E. She told him that she would go to Napier's apartment when he was home alone. She said that she would lay on Napier's bed and he would touch his penis to her vagina until she told him to stop. B.E. recalled this happening on five separate occasions.

[5] The State charged Napier with two counts of Level 1 felony child molesting, three counts of Level 4 felony child molesting, and one count of Level 3 felony vicarious sexual gratification. A jury trial was scheduled for November 28, 2017. Prior to a jury being empaneled, however, Napier signed a plea agreement pursuant to which he pleaded guilty to three counts of Level 4 felony child molesting, and the State dismissed the remaining charges. The trial court found no mitigating factors and five aggravating factors and sentenced Napier to twelve years for each of the three counts, ordering the sentences to run consecutively for an aggregate sentence of thirty-six years. Napier now appeals.

# Discussion and Decision

## I. Abuse of Discretion in Sentencing

### A. Standard of Review

[6] The determination of a defendant's sentence rests "within the sound discretion of the trial court and [is] reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d

218 (2007). A trial court abuses its discretion when it: (1) fails to enter a sentencing statement; (2) enters a sentencing statement that explains reasons for imposing a sentence, including aggravating factors, that are not supported by the record; (3) enters a sentencing statement that omits reasons that the record clearly supports; or (4) considers any reasons that "are improper as a matter of law." *Id.* at 490-91. If we find a trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491.

## B. Aggravating Factors

[7] Napier contends the trial court abused its discretion by relying on an aggravating factor that is not supported by the record. The trial court's detailed sentencing order explains the factors the trial court relied on in determining Napier's sentence, stating:

III. The aggravating factor(s) are as follows:

a. *Defendant was in a position of care, custody, and control over the victims. Defendant violated a position of trust.* First, Defendant molested his own children. Not only did he fail to protect his children but rather he perpetrated sex crimes against them. Second, during the offenses, the Defendant had the custody, care, and control over these three young children, which he used to make the children perform sex acts. The Court finds this to be a significant aggravating factor of great weight.

b. *The facts and circumstances of the crime go far beyond that necessary to prove Level 4 felony, Child Molests* [sic]. Three young victims all implicate the Defendant in "other sexual conduct" (oral sex on Defendant and oral sex between victims) going far beyond the "fondling or touching" behavior contemplated by a Level 4 Child Molest. Further, the Court finds it probative and reliable that the three children's statements describing these acts are corroboration of one another. The Court finds this to be a substantial aggravating factor of great weight.

c. *The offense had a significant impact on at least 2 of the children.* The Defendant's children have been in weekly counseling with the Community of Mental Health Center for months and continue to be in counseling to this day. The victims have ongoing mental health needs. The Court considers this an aggravating factor of moderate weight.

d. *Defendant's criminal history is an aggravating factor.* Defendant has a previous felony conviction and a previous misdemeanor conviction. The Court considers this an aggravating factor and gives it the appropriate weight due.

e. *The Defendant recently violated the conditions of his release by abusing a substance containing alcohol.* This is an aggravating factor and the Court gives it the appropriate weight due. The Court considers this aggravating factor together with all the other aggravating factors.

IV. The mitigating factors are as follows:

a. The Court did not find any mitigating factors (see below).

V. Defendant's guilty plea is not a mitigating factor because Defendant already received a significant benefit from his Plea

Agreement; specifically, the dismissal of the three most serious offenses. Defendant's prison exposure was reduced from over one hundred years (100) to thirty-six (36) years. Further, at the time the plea agreement was entered, the Court had already summonsed a jury and said jury was seated in the Courtroom and the three child victims had already been deposed.

Appellant's App., Vol. Two at 192-93.

[8] Napier argues the trial court abused its discretion in finding as an aggravating factor that the "offense had a significant impact on at least two (2) of the children." *See* Appellant's Brief at 12. Notably, although Napier asserts there was "[l]ittle evidence" of this fact, he does not argue there was *no* evidence in the record to support the trial court's finding. *Id*. Rather, Napier argues that the legislature already considered the emotional and psychological impact on victims when it set the advisory sentence for child molesting, and the impact on Napier's victims is "not so distinct from other similarly situated cases as to rise to the level of an aggravating circumstance." *Id*.

[9] At the sentencing hearing, Paul Reynolds, the significant other of K.N. and E.N.'s mother who lives with them, read a statement on behalf of himself and the children's mother. In the questioning that followed, Reynolds stated that K.N. and E.N. were currently undergoing counseling, which had begun with weekly sessions but had recently been reduced to every other week. Reynolds also stated that "as far as I know," B.E. had attended counseling but he had no personal knowledge of her situation. Transcript, Volume II at 27-28.

[10]     Napier correctly asserts that victim impact is an improper aggravating factor where there is nothing in the record to indicate the impact on the victim was different than the impact generally experienced by victims of the same crime. *See McElroy v. State,* 865 N.E.2d 584, 590 (Ind. 2007). However, Napier's argument fails to take into account the fact that he pleaded guilty to three counts of Level 4 felony child molesting. A person commits Level 4 felony child molesting when he "performs or submits to any fondling or touching[.]" Ind. Code § 35-42-4-3(b). As the trial court found, the facts and circumstances in this case go far beyond the typical Level 4 felony child molesting case. The record reflects that Napier engaged in oral sex with his daughter, had his daughter perform oral sex on B.E. while he watched and gave her instructions, and touched his son inappropriately. The emotional and psychological harm inflicted on K.N. and E.N. was exacerbated by the fact that Napier is their biological father and as a result of Napier's actions, K.N. and E.N. are participating in frequent counseling sessions. *See Ludack v. State*, 967 N.E.2d 41, 48 (Ind. Ct. App. 2012) (explaining that "the acts of sexual molestation pose a greater threat of severe, long-lasting emotional harm" when the perpetrator is someone close to the victim), *trans. denied*. As such, we cannot say the trial court abused its discretion in identifying this as an aggravating factor.

[11]     Even assuming that the impact on the victims was improperly used as an aggravating factor, however, remand for resentencing would only be appropriate "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy

support in the record." *Sargent v. State*, 875 N.E.2d 762, 769 (Ind. Ct. App. 2007). Additionally, we have held that even if "one aggravating factor is improperly applied, the sentence is still valid as long as other valid aggravators existed and the invalid aggravator did not play a significant role in the trial court's decision." *Coy v. State*, 999 N.E.2d 937, 947 (Ind. Ct. App. 2013) (internal quotation marks and alterations omitted).

[12]  It is apparent from the trial court's sentencing statement that it would have imposed the same sentence using only the remaining four aggravating factors. First, the trial court primarily focused on and gave the most weight to Napier's violation of his position of trust and the fact that Napier's offense was particularly egregious for a Level 4 felony child molesting. Second, the last three aggravating factors, including the impact on the victims, were given less significant weight in the trial court's sentencing. And finally, the trial court found no mitigating factors that would serve to lessen Napier's sentence. For all of these reasons, we have confidence the trial court would have imposed the same sentence even if the contested aggravating factor was removed from consideration. Because Napier did not challenge any of the other aggravating factors as improper, we hold that the trial court did not abuse its discretion in Napier's sentencing.

# II. Inappropriate Sentence

## A. Standard of Review

[13] "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[T]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "The principal role of appellate review should be to attempt to leaven the outliers . . . but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer*, 868 N.E.2d at 494. Deference to the trial court's sentencing decision should prevail unless it can be overcome by compelling evidence "portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

## B. Nature of the Offense

[14] The nature of the offense refers to a defendant's actions in comparison with the elements of the offense. *Cannon v. State*, 99 N.E.3d 274, 280 (Ind. Ct. App.

2018), *trans. denied*. The nature of the offense can be analyzed by using the the advisory sentence as a starting point. *Anglemyer*, 868 N.E.2d at 494.

[15] In this case, Napier pleaded guilty to three counts of Level 4 felony child molesting and received twelve years for each conviction, to be served consecutively. The sentencing range for a Level 4 felony is between two and twelve years with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. The trial court found that Napier's offenses warranted the maximum sentence of thirty-six years.

[16] Napier argues that his sentence is inappropriate in light of the nature of his offense because nothing in the record makes his case more objectionable than a typical child molestation case. He contends that the harm to the children is already accounted for in the advisory sentence and that the harm suffered by the victims in this case does not make his offense "more egregious than is typical." Appellant's Br. at 19. Per statute, "a person who . . . performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or satisfy the sexual desires of either the child or the older person, commits child molesting, a Level 4 felony." Ind. Code § 35-42-4-3(b). As previously stated, Napier's offense went well beyond just fondling and touching the children for sexual gratification and he perpetrated some of his crimes against his own children.

[17] Napier also argues that his maximum sentence is inappropriate because he never threatened the children or physically harmed them. Our supreme court

has held that "the absence of physical harm is not an automatic mitigating circumstance such that it would require a lesser sentence than would otherwise be imposed." *Neale v. State*, 826 N.E.2d 635, 638 (Ind. 2005). Although Napier did not physically threaten or attack the children, he showed them pornographic movies, talked about sexual subjects, and normalized sexual acts. This conduct indicates he groomed the children in a more subtle, but no less effective way to obtain compliance with his wishes. We find nothing about the nature of Napier's offenses rendering his sentence inappropriate.

## C. Character of the Offender

[18] The character of the offender refers to "general sentencing considerations and the relevant aggravating and mitigating circumstances." *Cannon*, 99 N.E.3d at 280. "We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate." *Stephenson v. State*, 53 N.E.3d 557, 561 (Ind. Ct. App. 2016).

[19] Napier argues that his character does not warrant a maximum sentence because his criminal history is remote and unrelated to the present offense and he has been steadily employed. When evaluating the character of the offender, we consider his or her criminal history a relevant factor, *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied,* and "[t]he significance of [a defendant's] criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Johnson v. State*, 986 N.E.2d

852, 857 (Ind. Ct. App. 2013). Napier has been previously convicted of one Class D felony, maintaining a common nuisance in 2004, and two misdemeanors, possession of marijuana in 2004 and operating a vehicle while intoxicated in 2009. These offenses are minor in nature and unrelated in time, gravity, or nature to his current crimes. Perhaps standing alone, Napier's criminal record would not provide a basis for a maximum sentence. However, as we have already discussed above, the nature of Napier's offenses here was particularly egregious. As for his employment, while it is worth noting that Napier has a history of stable employment, holding a steady job is not such an outstanding character trait that it would outweigh or even compensate for the egregious offenses he committed.

[20] Napier has failed to persuade us that his sentence is inappropriate in light of nature of the offense and his character.

# Conclusion

[21] Based on the foregoing, we conclude the trial court did not abuse its discretion in sentencing Napier to the maximum sentence based on its finding of multiple, proper aggravating factors. We further conclude that Napier's sentence is not inappropriate in light of the nature of his offenses and his character. Accordingly, we affirm.

[22] Affirmed.

Baker, J., and May, J., concur.